UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STEVEN JOHN-WILLIAM WHITE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IN-HOUSE MORTGAGE LLC, a Michigan company,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Steven John-William White ("Plaintiff" or "White") brings this Class Action Complaint and Demand for Jury Trial against Defendant In-House Mortgage LLC, ("Defendant In-House Mortgage") to stop the Defendant from violating the Telephone Consumer Protection Act by placing telemarketing calls *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff White, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff Steven John-William White is a resident of Flint, Genesee County, Michigan.

2. Defendant In-House Mortgage is a company registered and headquartered in Sterling Heights, Michigan. Defendant In-House Mortgage conducts business throughout this District, Michigan, and other states across the US.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant since Defendant In-House Mortgage conducts business in this District, and the Venue is proper because a substantial part of the conduct giving rise to this action was directed towards the Plaintiff residing in this District, by and/or on behalf of the Defendant from and into this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in October 2021 alone, at a rate of 132.1 million calls per day. www.robocallindex.com (last visited November 2, 2021).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16. Defendant In-House Mortgage sells home loans and mortgage plans to consumers.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/in-house-mortgage-group/about/

17. Defendant In-House Mortgage engages in telemarketing to solicit business from consumers who have never provided their consent to receive calls or text messages from or on behalf the Defendant.

18. In cold calling the consumers, Defendant In-House Mortgage is placing multiple unsolicited telemarketing calls, including solicitation text messages, to phone numbers that are registered on the National DNC, such as Plaintiff's phone number.

19. In response to these unwanted calls, Plaintiff White files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF WHITE'S ALLEGATIONS

20. Plaintiff White registered his cell phone number on the DNC on January 16, 2014.

21. Plaintiff White's phone number is not associated with a business and is used for personal use only.

22. On May 17, 2021, Monday, at 10:02 AM, Plaintiff White began receiving text messages on his cell phone from Defendant In-House Mortgage using the phone number 248-600-4873, soliciting real estate services related to purchasing

a home, to which Plaintiff responded, indicating that he did not require those services, as he had "already bought a home":



23. On June 14, 2021, Monday, at 10:00 AM, Plaintiff received another text message on his cell phone, from the Defendant, using the same phone number 248-600-4873, soliciting home loans.

24. Plaintiff White responded to the unwanted solicitation texts from the Defendant, clearly indicating his disinterest in Defendant's services and instructing

6

them to take Plaintiff White's phone number off their list. But Plaintiff White continued receiving further solicitation text messages in utter disregard of his responses to the same, as can be seen from the text messages exchanged between them.

25.     On July 12, 2021, Monday, at 10:01 AM, Plaintiff White received another text message on his cell phone from the Defendant, using the same phone number as before 248-600-4873, soliciting real estate services for buying a home:



7

26. Plaintiff White, annoyed by the unwanted solicitation he was still receiving to his cell phone despite instructing the Defendant to stop sending such solicitation texts to his cell phone multiple times, warned the Defendant of reporting them if he received any more solicitation text from them.

27. On August 9, 2021, Monday, at 10:00 AM, Plaintiff White received the fourth solicitation text message from the Defendant, using the same phone number 248-600-4873, soliciting a home loan, after having requested the Defendant to stop contacting his phone number five times already:



28. On calling this phone number 248-600-4873, a pre-recorded voice message plays identifying Defendant In-House Mortgage.

29. The unauthorized solicitation texts received by the Plaintiff were purportedly sent from one of Defendant's former agent, Ricky Roncelli, who had voluntarily terminated his employment with the Defendant on April 30, 2021, a few weeks before the Plaintiff started receiving these text messages from or on behalf of

8

the Defendant. It was misleading and a violation of federal law on the part of the Defendant to use a former employee's name in their telemarketing campaigns without identifying their company name at all.

30. The fact that each of these solicitation texts were sent by the Defendant on the second Monday of every month, each time exactly at 10:00 AM (or within a few minutes), strongly indicates that Defendant was using an automated system to send out these text messages, on a routine and recurring basis, possibly to large lists with thousands of phone numbers, such as Plaintiff White's cell phone.

31. The fact that the Defendant kept sending similar solicitation texts and did not even acknowledge any of the responses sent by Plaintiff White, makes it abundantly clear that these text messages were not being sent by a live person, but with the aid of an automated system, or a software program, which does not have the capability to read or understand responses.

32. The unwanted solicitation text messages that Plaintiff received from Defendant In-House Mortgage, as alleged herein, have harmed Plaintiff White in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

33. Seeking redress for these injuries, Plaintiff White, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited text messages to telephone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

34. Plaintiff White brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant called or texted more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant texted Plaintiff.
>
> **Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called or texted more than one time, (2) within any 12-month period (3) for substantially the same reason Defendant texted Plaintiff, (4) including at least once after the person requested that Defendant or its agent to stop calling.

35. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from either of the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated

10

and/or released. Plaintiff White anticipates the need to amend the Class definitions following appropriate discovery.

36. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

37. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of any of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant In-House Mortgage sent or caused to be sent multiple text messages to Plaintiff White and other members of the Do Not Call Registry Class;

(b) whether Defendant In-House Mortgage's text messages to Plaintiff White and other members of the Do Not Call Registry Class were made for telemarketing purposes;

(c) whether Defendant In-House Mortgage engaged in telemarketing without implementing adequate internal policies and procedures for maintaining an internal do not call list;

(d) whether Defendant's conduct constitutes a violation of the TCPA; and

11

(e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38. **Adequate Representation**: Plaintiff White will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff White has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff White and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff White nor his counsel have any interest adverse to the Classes.

39. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to each of the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff White. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible

for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff White and the Do Not Call Registry Class)**

40. Plaintiff White repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference.

41. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

43. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the

13

Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

44. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

45. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

46. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff White and the Internal Do Not Call Class)**

47. Plaintiff White repeats and realleges paragraphs number 1 through 39 of this complaint and incorporates them by reference herein.

48. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any

call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

15

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

49. Defendant placed or caused to be placed calls, including text messages to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow the Defendant or their agent to initiate telemarketing calls.

50. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private

16

action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

51. The Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff White, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff White as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling/texting activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff White requests a jury trial.

Respectfully Submitted,

**STEVEN JOHN-WILLIAM WHITE**, individually and on behalf of all other similarly situated individuals,

DATED this 2nd day of November, 2021.

By: /s/ *Stefan Coleman*
Stefan Coleman
LAW OFFICES OF STEFAN COLEMAN P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
law@stefancoleman.com

Avi R. Kaufman
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
kaufman@kaufmanpa.com

*Attorneys for Plaintiff and the putative Classes*